# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF ENTRY OF JUDGMENT ACCOMPANIED BY OPINION

OPINION FILED AND JUDGMENT ENTERED: 10/22/2014

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Costs are taxed against the appellant in favor of the appellee under Rule 39. The party entitled to costs is provided a bill of costs form and an instruction sheet with this notice.

The parties are encouraged to stipulate to the costs. A bill of costs will be presumed correct in the absence of a timely filed objection.

Costs are payable to the party awarded costs. If costs are awarded to the government, they should be paid to the Treasurer of the United States. Where costs are awarded against the government, payment should be made to the person(s) designated under the governing statutes, the court's orders, and the parties' written settlement agreements. In cases between private parties, payment should be made to counsel for the party awarded costs or, if the party is not represented by counsel, to the party pro se. Payment of costs should not be sent to the court. Costs should be paid promptly.

If the court also imposed monetary sanctions, they are payable to the opposing party unless the court's opinion provides otherwise. Sanctions should be paid in the same way as costs.

Regarding exhibits and visual aids: Your attention is directed Fed. R. App. P. 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

cc: Benjamin Conrad Block
Caryn C. Borg-Breen
Jeremy D. Cobb
Jeffrey B. Elikan
Robert Fritz Green
Paul Hilger Kochanski
Michelle Lagda Morin
George Frank Pappas
Eric Ritland Sonnenschein
Jamaica P. Szeliga
Jessica M. Tyrus
Marc Wezowski

14-1262 - Warner Chilcott Company, LLC v. Lupin Ltd.
United States District Court for the District of New Jersey, Case No. 3:11-cv-05048-JAP-TJB

Case 3:11-cv-05048-JAP-TJB Document 65-1 Filed 02/14 Page 2 of 7 PageID: 2867

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WARNER CHILCOTT COMPANY, LLC,**
*Plaintiff-Appellee,*

v.

**LUPIN LTD., LUPIN PHARMACEUTICALS, INC., AMNEAL PHARMACEUTICALS OF NY, LLC,** AND **AMNEAL PHARMACEUTICALS, LLC,**
*Defendants-Appellants.*

_____

2014-1262, -1273

_____

Appeals from the United States District Court for the District of New Jersey in Nos. 3:11-cv-05048-JAP-TJB and 3:12-cv-02928-JAP-TJB, Judge Joel A. Pisano.

_____

Decided: October 22, 2014

_____

GEORGE F. PAPPAS, Covington & Burling LLP, of Washington, DC, argued for plaintiff-appellee. With him on the brief were JEFFREY B. ELIKAN, BENJAMIN C. BLOCK, ERIC R. SONNENSCHEIN, and JEREMY D. COBB. Of counsel was MICHELLE L. MORIN, of Redwood Shores, California.

ROBERT F. GREEN, Leydig, Voit & Mayer, Ltd., of Chicago, Illinois, argued for defendants-appellants, Lupin

Ltd., et al. With him on the brief were CARYN C. BORG-BREEN, JESSICA M. TYRUS, and MARC R. WEZOWSKI, of Chicago, Illinois, and JAMAICA P. SZELIGA, of Washington, DC. On the brief for defendants-appellants Amneal Pharmaceuticals of New York, LLC, et al., was PAUL H. KOCHANSKI, Lerner, David, Littenberg, Krumholz & Mentlik, LLP, of Westfield, New Jersey.

---

Before LOURIE, PLAGER, and WALLACH, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Lupin Ltd., Lupin Pharmaceuticals, Inc., Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC (collectively, the "Defendants") appeal from the decision of the United States District Court for the District of New Jersey, which held that claims 1–9 ("the asserted claims") of U.S. Patent 7,704,984 (the "'984 patent") were not invalid for obviousness under 35 U.S.C. § 103(a) (2006). *See Warner Chilcott Co. v. Lupin Ltd.*, No. 3:11-CV-05048, 2014 WL 202659 (D.N.J. Jan. 17, 2014).

Warner Chilcott Co., LLC ("Warner") owns the '984 patent, which is directed to a method of contraception and covers the administration of Warner's oral contraceptive drug product, Lo Loestrin® Fe ("Lo Loestrin"). The Defendants submitted Abbreviated New Drug Application filings to the U.S. Food and Drug Administration for approval to engage in the commercial manufacture, use, or sale of generic versions of Lo Loestrin. Warner then brought actions against the Defendants for infringement of the asserted claims under 35 U.S.C. § 271(e)(2)(A) and the actions were consolidated into the case now before us on appeal.

Before the district court, the Defendants stipulated to infringement of all of the asserted claims, but challenged the validity of those claims on the ground of obviousness.

*Warner Chilcott*, 2014 WL 202659, at *1–2. The district court held a bench trial from October 7, 2013 through October 17, 2013 on the issue of obviousness. *Id.* at *1. In a detailed opinion issued on January 17, 2014, the district court held that the Defendants failed to prove by clear and convincing evidence that the asserted claims of the '984 patent would have been obvious. *Id.* at *11, *23. The court then entered final judgment of infringement in favor of Warner. *See Warner Chilcott Co. v. Lupin Ltd.*, No. 3:11-CV-05048 (D.N.J. Jan. 17, 2014), ECF No. 135. The Defendants timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

Having considered all of the Defendants' arguments on appeal and found them unpersuasive, we conclude that on the basis of and for the reasons stated in the district court's thorough opinion none of the asserted claims of the '984 patent was shown to be invalid for obviousness. We therefore *affirm* the judgment of the district court.

**AFFIRMED**

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

INFORMATION SHEET

FILING A PETITION FOR A WRIT OF CERTIORARI

There is no automatic right of appeal to the Supreme Court of the United States from judgments of the Federal Circuit. You must file a petition for a writ of certiorari which the Supreme Court will grant only when there are compelling reasons. (See Rule 10 of the Rules of the Supreme Court of the United States, hereinafter called Rules.)

**Time.** The petition must be filed in the Supreme Court of the United States within 90 days of the entry of judgment in this Court or within 90 days of the denial of a timely petition for rehearing. The judgment is entered on the day the Federal Circuit issues a final decision in your case. [The time does not run from the issuance of the mandate, which has no effect on the right to petition.] (See Rule 13 of the Rules.)

**Fees.** Either the $300 docketing fee or a motion for leave to proceed in forma pauperis with an affidavit in support thereof must accompany the petition. (See Rules 38 and 39.)

**Authorized Filer.** The petition must be filed by a member of the bar of the Supreme Court of the United States or by the petitioner representing himself or herself.

**Format of a Petition.** The Rules are very specific about the order of the required information and should be consulted before you start drafting your petition. (See Rule 14.) Rules 33 and 34 should be consulted regarding type size and font, paper size, paper weight, margins, page limits, cover, etc.

**Number of Copies.** Forty copies of a petition must be filed unless the petitioner is proceeding in forma pauperis, in which case an original and ten copies of the petition for writ of certiorari and of the motion for leave to proceed in forma pauperis. (See Rule 12.)

**Where to File.** You must file your documents at the Supreme Court.

**Clerk**
**Supreme Court of the United States**
**1 First Street, NE**
**Washington, DC 20543**
**(202) 479-3000**

No documents are filed at the Federal Circuit and the Federal Circuit provides no information to the Supreme Court unless the Supreme Court asks for the information.

**Access to the Rules.** The current rules can be found in Title 28 of the United States Code Annotated and other legal publications available in many public libraries.

Revised December 16, 1999

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

*Questions and Answers*

**Petitions for Panel Rehearing (Fed. Cir. R. 40)
and
Petitions for Hearing or Rehearing En Banc (Fed. Cir. R. 35)**

---

*Q. When is a petition for panel rehearing appropriate?*

A. Petitions for panel rehearing are rarely considered meritorious. Consequently, it is easiest to first answer when a petition for panel rehearing is not appropriate. A petition for panel rehearing should not be used to reargue issues already briefed and orally argued. If a party failed to persuade the court on an issue in the first instance, they do not get a second chance. This is especially so when the court has entered a judgment of affirmance without opinion under Fed. Cir. R. 36, as a disposition of this nature is used only when the appellant/petitioner has utterly failed to raise any issues in the appeal that require an opinion to be written in support of the court's judgment of affirmance.

Thus, as a usual prerequisite, the court must have filed an opinion in support of its judgment for a petition for panel rehearing to be appropriate. Counsel seeking panel rehearing must be able to identify in the court's opinion a material error of fact or law, the correction of which would require a different judgment on appeal.

*Q. When is a petition for rehearing en banc appropriate?*

A. En banc decisions are extraordinary occurrences. To properly answer the question, one must first understand the responsibility of a three-judge merits panel of the court. The panel is charged with deciding individual appeals according to the law of the circuit as established in the court's precedential opinions. While each merits panel is empowered to enter precedential opinions, the ultimate duty of the court en banc is to set forth the law of the Federal Circuit, which merits panels are obliged to follow.

Thus, as a usual prerequisite, a merits panel of the court must have entered a precedential opinion in support of its judgment for a petition for rehearing en banc to be appropriate. In addition, the party seeking rehearing en banc must show that either the merits panel has failed to follow decisions of the Supreme Court of the United States or Federal Circuit precedential opinions, or that the merits panel has followed circuit precedent, which the party seeks to have overruled by the court en banc.

*Q. How frequently are petitions for panel rehearing granted by merits panels or petitions for rehearing en banc granted by the court?*

A. The data regarding petitions for panel rehearing since 1982 shows that merits panels granted some relief in only three percent of the petitions filed. The relief granted usually involved only minor corrections of factual misstatements, rarely resulting in a change of outcome in the decision.

En banc petitions have been granted less frequently. Historically, the court has initiated en banc review in a few of the appeals decided en banc since 1982.

*Q. Is it necessary to have filed either of these petitions before filing a petition for certiorari in the U.S. Supreme Court?*

A. No. All that is needed is a final judgment of the Court of Appeals.